# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONNIE COCHRAN-SWIGER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1188** (BOR Appeal No. 2049375)
                    (Claim No. 2013001734)

**CENTRAL WEST VIRGINIA**
**COMMUNTIY ACTION ASSOCIATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Connie Cochran-Swiger, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Central West Virginia Community Action Association, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2014, in which the Board affirmed an April 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 28, 2013, and June 7, 2013, decisions denying the addition of post-laminectomy syndrome and brachial neuritis/radiculitis to the claim. The Office of Judges also affirmed the claims administrator's May 24, 2013, decision denying a request for an anterior cervical discectomy at C5-6 and a pre-operative ears, nose, and throat (ENT) exam. The Office of Judges also affirmed the claims administrator's April 30, 2013, and March 18, 2013, decisions closing the claim for rehabilitation services and temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Cochran-Swiger, a health administrator, was injured in the course of her employment on July 10, 2012, when she lifted her briefcase/computer bag. The claim was held compensable for neck sprain. Ms. Cochran-Swiger has a long history of cervical spine pain, injury, and surgery. She was in a motor vehicle accident in 1995 that caused a cervical strain for which she received treatment for the next several years. In 1999, she developed left cervical radiculopathy. Ms. Cochran-Swiger was in a compensable motor vehicle accident in 2002 in which she sustained a cervical sprain and shoulder strain. She was also diagnosed with cervical spondylosis and a herniated disc. The claim was held compensable for brachial neuritis/radiculitis, shoulder sprain/strain, and neck sprain/strain. Ms. Cochran-Swiger eventually underwent surgery for a herniated C6-7 disc in 2003. Following the compensable injury in the instant case, Ms. Cochran-Swiger was treated at United Hospital Center where she reported pain in her neck and head. She was diagnosed with neck pain and headache, and a CT scan showed degenerative changes in the cervical spine. A cervical MRI taken a month after the injury showed a mild posterior disc bulge at C5-6.

Joseph Grady, M.D., performed an independent medical evaluation on November 15, 2012, in which he diagnosed cervical myofascial strain superimposed on previous anterior cervical discectomy and fusion at C6-7. He noted that Ms. Cochran-Swiger had no signs of radiculopathy on examination. He opined that she would not need invasive treatment and that finishing physical therapy would place her at maximum medical improvement. Ms. Cochran-Swiger was subsequently treated by John France, M.D., who diagnosed cervical spondylotic changes with radicular symptoms. He stated that if surgery were performed, it would be to treat her arm pain and would have very minimal success at helping the neck pain. He noted that the left side symptoms are fairly new and unrelated to her previous C6-7 fusion. He stated that the left side symptoms are the result of C6 radiculopathy. He stated that an ENT exam needed to be performed prior to surgery. In an April 20, 2013, rehabilitation report, it was noted that Dr. France told Ms. Cochran-Swiger that her changes were degenerative in nature.

Randall Short, D.O., performed a physician review on April 10, 2013, in which he recommended denying the requested surgery and preoperative ENT exam. He stated that Ms. Cochran-Swiger had a previous C6-7 fusion and there are now degenerative changes above and below the level at C5-6 and C6-7. The degenerative changes are resulting in foraminal narrowing and left radicular symptoms. He opined that the symptoms are the result of chronic degenerative processes. He stated that it is known that the disc space above and below a cervical fusion may become more degenerative than if there was no fusion and that eventual herniations are possible. Therefore, he concluded that the requested treatment was for chronic, ongoing, pre-existing degenerative changes unrelated to the compensable injury.

Dr. Grady performed a second independent medical evaluation on May 1, 2013, in which he diagnosed chronic cervicalgia with reported multiple level disc protrusions superimposed on a previous cervical fusion at C6-7. He stated that Ms. Cochran-Swiger had reached maximum medical improvement for the compensable neck sprain. He also stated that no maintenance care was necessary for the injury, and her current pain is not the result of the neck sprain. He noted that she has significant cervical spondylosis. Rebecca Thaxton, M.D., concurred in her May 3, 2013, physician review. She opined that post-laminectomy syndrome should not be added to the

claim. She stated that the mechanism of injury, lifting a brief case, is consistent with a sprain/strain injury more so than post-laminectomy syndrome in the face of pre-existing cervical spine surgery. Christopher Martin, M.D., also performed a record review in which he opined that none of Ms. Cochran-Swiger's current symptoms can be related to her work injury. He stated that post-laminectomy syndrome and brachial neuritis/radiculitis should not be added to the claim and that additional treatment is unnecessary. He noted that the work-related injury was very mild, and the mechanism of injury has never been shown to cause the extensive type of structural damage in the cervical spine that would require surgical treatment and cause persistent, debilitating symptoms for more than fifteen months. He noted that Ms. Cochran-Swiger has a very extensive history of similar complaints going back for more than eighteen years for which she repeatedly sought medical attention.

The claims administrator closed the claim for rehabilitation services and temporary total disability benefits in its March 18, 2013, and April 30, 2013, decisions. On May 24, 2013, it denied a request for an anterior cervical discectomy at C5-6 and a pre-operative ears, nose, and throat examination. Finally, the claims administrator denied requests to add post-laminectomy syndrome and brachial neuritis/radiculitis to the claim on June 7, 2013, and June 28, 2013. The Office of Judges affirmed all of the decisions in its April 16, 2014, Order.

The Office of Judges affirmed the claims administrator's decisions denying requests to add post-laminectomy syndrome and brachial neuritis/radiculitis to the claim. It found that the evidentiary record shows a long history of neck pain as well as cervical surgery. Ms. Cochran-Swiger complained of neck pain and left side radiculopathy beginning in 1995. She had various complaints throughout the subsequent years including complaints of left cervical spine pain and radicular symptoms into the left arm in November of 2010. She was also treated in May of 2011 for cervical spine pain. The Office of Judges further determined that the diagnostic evidence of record shows degenerative changes and stenosis in the cervical spine. The request to add post-laminectomy syndrome and brachial neuritis/radiculitis to the claim was made by Dr. France. In his treatment notes he stated that the issue is really a degenerative process. The Office of Judges noted that Ms. Cochran-Swiger had a prior workers' compensation claim which was held compensable for brachial neuritis/radiculitis. Post-laminectomy syndrome and brachial neuritis/radiculitis were therefore determined not to be compensable conditions in the claim.

The Office of Judges also affirmed the claims administrator's denial of a request for cervical spine surgery. It determined that the only compensable condition in the claim is neck sprain. Per West Virginia Code of State Rules § 85-20-35.5 (2006), the estimated duration of care for a cervical sprain/strain is one to four weeks, not to exceed eight weeks. The request for surgery was made far beyond the eight week duration of care. Further, per West Virginia Code of State Rules § 85-20-35.5 (2006), operative treatment for a cervical sprain/strain is inappropriate. The Office of Judges found that the medical evidence of record fails to establish that this is an extraordinary case. It also determined that Ms. Cochran-Swiger failed to establish that the requested treatment is necessary to treat the compensable condition. The request for surgery was made for the diagnosis of C6 radiculopathy, a non-compensable condition.

3

The Office of Judges also affirmed the claims administrator's decision closing the claim for temporary total disability benefits. It noted that the reason given for closing the claim was incorrect as the claims administrator stated that the claim was closed because there was no evidence showing that Ms. Cochran-Swiger continued to be totally disabled. Instead, the Office of Judges found, per the report of Dr. Grady, that a preponderance of the evidence shows that she reached maximum medical improvement when her physical therapy was discontinued. Further, Dr. France stated in a May 26, 2013, meeting that Ms. Cochran-Swiger could return to work unrestricted. The Office of Judges noted that if she is currently unable to return to work, it is due to her non-compensable conditions. Finally, the Office of Judges affirmed the claims administrator's decision closing the claim for vocational rehabilitation. It reiterated that Dr. France opined Ms. Cochran-Swiger could return to work without restrictions. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2014.

On appeal, Ms. Cochran-Swiger argues that Dr. France found that the lifting injury aggravated her degenerative condition and the left side symptoms were fairly new and unrelated to her previous surgery. She further asserts that she has not been released to return to work and is therefore entitled to temporary total disability benefits. Central West Virginia Community Action Association, Inc., argues that post-laminectomy syndrome is the result of Ms. Cochran-Swiger's prior cervical surgery and that Dr. France indicated her condition is degenerative in nature. It further asserts that the mechanism of injury is consistent with a cervical sprain only and surgery is unnecessary for the simple injury. It also argues that Ms. Cochran-Swiger was found to be at maximum medial improvement, her current treatment is not necessary for the compensable injury, and temporary total disability benefits and rehabilitation services were therefore properly denied.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Cochran-Swiger sustained a cervical sprain/strain as the result of her work-related injury. Post-laminectomy syndrome and brachial neuritis/radiculitis are related to her pre-existing cervical degenerative disc disease and not the compensable injury in this case. The requested surgery is for the treatment of non-compensable conditions and not medically necessary or reasonably required for the compensable injury. Finally, Ms. Cochran-Swiger has been determined to be at maximum medical improvement and released to return to work with no restrictions. The claim was therefore properly closed for temporary total disability benefits and rehabilitation services.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 16, 2015**

4

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II